**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Stanley Fishman, | ) | No. CV 07-0589-PHX-RCB |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| AIG Insurance Co., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

***Background***

Although the complaint is dated July 4, 2006, plaintiff, acting pro se, did not file it until March 20, 2007 (doc. 1). A few days later, on March 22, 2007, the court granted plaintiff's motion to proceed *in forma pauperis* (doc. 4). Among other things, that order explicitly instructed plaintiff that he "shall be responsible for service by waiver or of the summons and complaint. Id. at 1. On April 4, 2007, the Clerk of the Court issued a summons in this action and mailed a copy to plaintiff (doc. 5). The "Return of Service" included with that summons is blank. See id. at 2. However, on May 4, 2007, plaintiff filed a letter from the United States Postal Service indicating that on April 11, 2007 an unspecified "item" was delivered via certified

1   mail to "AIG Insurance Company,"[1] 16001 North 28th Avenue,

2   Phoenix, Arizona 85053 (doc. 6).

3       When defendant did not answer or otherwise respond, on August

4   13, 2007, plaintiff filed a "motion" seeking "judgement [sic] and

5   punitive damages and [dismissal] with prejudice[.]" Doc. 7.  He

6   filed a second similar "motion" that same day.  Doc. 8.  Stamped

7   on both motions is a notation from the Clerk of the Court that

8   those "DOCUMENT[S] [ARE] NOT IN PROPER FORM ACCORDING TO FEDERAL

9   AND/OR LOCAL RULES AND PRACTICES AND [ARE] SUBJECT TO REJECTION

10  BY THE COURT."  Docs. 7 and 8 (emphasis in originals).

11  Thereafter, on September 10, 2007, plaintiff filed what the Clerk

12  of the Court deemed to be a "Notice" seeking an "answer and

13  judgement [sic][.]"  Doc. 9.  In contrast to the two motions,

14  plaintiff indicated on that "Notice" that it was mailed to

15  defendant.  See id.  A few weeks later, on September 27, 2007,

16  plaintiff filed a letter with the court "ordering and demanding"

17  the court to enter judgment in his favor and award punitive

18  damages.  Doc. 10.  As with the two motions, there is no

19  indication that this letter was ever served upon defendant.

20  Defendant has not appeared, answered, or responded to plaintiff's

21  motions in any way.

22                          ***Discussion***

23  ***I.  Service of Process***

24      The court construes plaintiff's motions (docs. 7 and 8) as

25

26  _____

27      [1]    It is unclear from that document whether "A.I.G. Insurance Co" was
    written thereon by a Postal Service employee, plaintiff, or someone else,
    although based upon plaintiff's handwritten submissions, it appears to have been
28  written by him.

1    seeking a default judgment pursuant to Fed. R. Civ. P. 55.

2    Before addressing those motions, however, there is the more

3    fundamental issue of whether defendant has been properly served.

4    This issue is critical because "[w]ithout a proper basis for

5    jurisdiction, or in the absence of proper service of process, the

6    district court has *no power to render any judgment* against the

7    defendant's person or property unless the defendant has consented

8    to jurisdiction or waived the lack of process." S.E.C. v. Ross,

9    2007 WL 2983707, at *6 (9th Cir. Oct. 15, 2007) (citing, *inter*

10   *alia*, Mason v. Genisco Tech. Corp., 960 F.2d 849, 851 (9th Cir.

11   1992)) (emphasis added).  Simply put, "[a] judgment entered

12   without jurisdiction over the defendant is void." Id.

13       "'A federal court is without personal jurisdiction over a

14   defendant unless the defendant has been served in accordance with

15   FED. R. CIV. P. 4.'" Id. (quoting Benny v. Pipes, 799 F.2d 489,

16   492 (9th Cir. 1986)); see also Fed. R. Civ. P. 4(k) ("Service of

17   a summons or filing a waiver of service is effective to establish

18   jurisdiction over the person of a defendant[.]")  In the present

19   case, the record does not reflect that plaintiff obtained a

20   waiver of service from defendant as Fed. R. Civ. P. 4(d) allows.

21   In the absence of such a waiver, it was incumbent upon plaintiff

22   to serve defendant in accordance with Fed. R. Civ. P. 4.

23       Evidently defendant "AIG Insurance" is a business entity, and

24   as such Rule 4(h) governs service upon it.  In accordance with

25   Rule 4(h)(1) a business entity which does not voluntarily appear

26   and defend may be served:

27           in a judicial district of the United States
             in the manner prescribed for individuals by
28

- 3 -

1
2
3
4
5

> subdivision (e)(1),[2] *or* by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, *or* to any other agent authorized by appointment or by law to receive service or process *and, if* the agent is one authorized by statute to receive service and the statute so requires, by *also mailing* a copy to the defendant[.]

6 Fed. R. Civ. P. 4(h)(1) (footnote and emphasis added).  As just

7 described then, service of process is sufficient if it conforms

8 either to the applicable federal or state rule.  Thus, to

9 determine whether defendant was properly served in this case, the

10 court will look to the Federal Rules of Civil Procedure and,

11 because this court is located in Arizona, it also will look to

12 that state's service of process rules.

13 ### A.  Federal Rules of Civil Procedure

14 As previously alluded to, evidently plaintiff attempted to

15 effect service by mailing a copy of the summons and complaint to

16 defendant.  When serving a business entity pursuant to Rule 4(h),

17

18
19
20
21
22

---

[2]      Rule 4(e)(1) provides in pertinent part that "[u]nless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, . . . , may be effected in any judicial district of the United States: . . . pursuant to the law of the state in which the district court is located, or in which service is effective, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State[.]" Fed. R. Civ. P. 4(e)(1).  Because this district court is located within the state of Arizona, the court looks to Arizona state law governing service of process.  The applicable Arizona rule is remarkably similar to Fed. R. Civ. P. 4(h)(1), and states as follows:

23
24
25
26
27

> Service upon a domestic or foreign corporation . . . from which a waiver has not been obtained and filed, shall be effected by delivering a copy of the summons and of the pleading to a partner, an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the party on whose behalf the agent accepted or received service.

28 ARCP 4.1(k).

1  however, "personal service on someone at" that entity is

2  "require[d] . . . and service by mail to a general corporate

3  address is not sufficient."  Belle v. Chase Home Finance LLC,

4  2007 WL 1518341, at *3 (S.D. Cal. May 22, 2007) (citing, *inter*

5  *alia*, Fed. R. Civ. P. 4(h) advisory committee's note to 1993

6  Amendments)).   In the present case, at best it appears that

7  plaintiff mailed a copy of the summons and complaint to a

8  "general corporate address."[3]  See id.  Plainly this is

9  insufficient to properly effect service under Fed. R. Civ. P.

10  4(h)(1).

11  ### B.  Arizona Law

12  Nor does the record establish that defendant was properly

13  served in accordance with Arizona law.  Arizona allows service by

14  mail upon parties "outside the state[.]" ARCP 4.2©.  It does not

15  appear as though this defendant is "outside the state" however.

16  Therefore, plaintiff's attempted service by mail was ineffective.

17  Even if defendant is "outside the state," nonetheless plaintiff

18  did not properly serve defendant under that Rule because he did

19  not file an acknowledgment signed under oath or affirmation by

20  the defendant.  See Postal Instant Press, Inc. v. Corral

21  Restaurants, Inc., 925 P.2d 260 (Ariz. 1996) (court lacked

22  jurisdiction over corporation served by mail where no

23  acknowledgment of receipt of service under oath was returned and

24

25      [3]      The court observes that the Arizona Corporation Commission listings
26  do not include an entity named "A.I.G. Insurance Company," although there are
    several entities with similar names which also appear to be in the insurance
27  business.  See Arizona Corporation Commission, http://www.cc.state/az/us/ (last
    visited Oct. 18, 2007).  Further, none of the listed AIG entities indicates that
    their address is 16001 North 28th Avenue, Phoenix, Arizona 85053 – the address
28  to which plaintiff supposedly mailed the summons and complaint.

1  filed as ARCP 4.1(c)(2) requires), <u>supplemented</u> <u>on</u>
2  <u>reconsideration</u>, 930 P.2d 1001 (Ariz. 1997).  Thus, defendant was
3  not properly served by mail under Arizona law.

4      Assuming, as it appears, that plaintiff was attempting to
5  serve defendant pursuant to ARCP 4.1(k), for the same reason that
6  service was defective under Fed. R. Civ. P. 4(h)(1), it is also
7  defective  under that state rule.  Service by mail alone does not
8  satisfy ARCP 4.1(k).

9      To summarize, because plaintiff has not properly served
10  defendant under either the Federal Rules of Civil Procedure or
11  pursuant to Arizona law, this court's power over defendant
12  "remain[s] nothing more than a potentiality."  <u>See</u> <u>S.E.C. v.</u>
13  <u>Ross</u>, 2007 WL 2983707, at *7.  Thus, as this juncture the court
14  has two options.  It may either dismiss the action without
15  prejudice or quash service.  <u>S.J. v. Issaquah School Dist. No.</u>
16  <u>411</u>, 470 F.3d 1288, 1293 (9th Cir. 2006).  Because it appears
17  that proper service may be effected, the court *sua sponte* quashes
18  any purported service upon defendant.  <u>See</u> <u>Grand Canyon Resort</u>
19  <u>Corp. v. Drive-Yourself Tours, Inc.</u>, 2006 WL 1722314, at *7 (D.
20  Ariz. 2006) (citing <u>Umbenhauer v. Woog</u>, 969 F.2d 25, 30-31 (3rd
21  Cir. 1992)) ("If it appears that proper service may be effected,
22  quashing service is preferred." ) Further, although the 120 day
23  filing period has passed in this case,[4]  taking into account
24  plaintiff's *pro se* status, in the exercise of its discretion
25  under Fed. R. Civ. P. 4(m), plaintiff has sixty (60) days from

26
27      [4]    Rule 4(m) requires service of the summons and complaint upon the
    defendant within 120 days "after the filing of the complaint[.]" Fed. R. Civ. P.
28  4(m).  Here, because the complaint was filed on March 20, 2007, plaintiff had 120
    days thereafter in which to serve the summons and complaint.

1   the date of this order in which to either (1) properly serve

2   defendant in accordance with the applicable law, or (2) file  a

3   waiver of service as Fed. R. Civ. P. 4(d) allows.  Failure to

4   properly and timely serve defendant or to properly and timely

5   file a waiver will result in dismissal of this action.

6   ***II.  Default Judgment***

7       Because defendant has not been properly served, the court

8   lacks jurisdiction to consider plaintiff's motions for default

9   judgment.  Accordingly, the court denies those motions without

10  prejudice to renew (docs. 7 and 8).  Plaintiff is advised,

11  however, that in the event he seeks default judgment at a later

12  date, he must comply with the detailed procedures for seeking

13  such relief as set forth in Fed. R. Civ. P. 55 and the case law

14  construing that Rule; and his papers must also be in proper form.

15                          ***Conclusion***

16      For the reasons set forth above, IT IS ORDERED that

17      (1) the service of process upon defendant is QUASHED;

18      (2) plaintiff's motions for default judgment (docs. 7 and 8)

19  are DENIED, without prejudice; and

20       (3) plaintiff has sixty (60) days from the date of this

21  order in which to  either (1) properly serve defendant in

22  accordance with the applicable law, or (2) file  a waiver of

23  service as Fed. R. Civ. P. 4(d) allows.

24      DATED this 29th day of November, 2007.

25

26

27  _____
    Robert C. Broomfield
    Senior United States District Judge

28  Copy to AIG National Insurance Company, Inc.

- 7 -

1   c/o Corporation Service Company
    2338 West Royal Palm Road, Suite J
2   Phoenix, AZ 85021

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28